Howei/d, -J.
On 3d March, 1865, the plaintiff instituted this suit to recover a sum of money loaned to defendant, who, on 16th October following, filed an answer admitting that he had borrowed, and still owed the money, but alleging that it was placed in the hands of one P. E. Michel, to pay for cotton purchased of him, called said Michel in warranty. Michel was cited as warrantor, but made no appearance.
On the 8th Juno, 1866, the following entry was made on the minutes of the Court: “The plaintiff being called at court-house door to come forward and prosecute his case, and not answering, this case was dismissed at his'costs.” The record does not show that the case was regularly fixed for trial, nor on whoso motion it was dismissed. On the next day (June 9th) the order of dismissal was rescinded, and the case reinstated on the simple motion of plaintiff, without notice to defendant or warrantor. On 26th.same month, default was entered against the warrantor, on whose motion does not appear. On Gtli July following, the case was fixed for trial instanter, judgment was rendered against defendant, Bangs, on his answer, for the sum claimed, and on the evidence adduced the default was confirmed, and judgment for the same amount rendered against Michel as warrantor, and in favor of defendant, which judgment is to accrue to the benefit of plaintiff.
The judgment was signed on the same day, and notice thereof served on Michel, warrantor, on the 13th July, seven days afterwards, from which he alone appeals, and claims its reversal on two grounds, one of which we consider sufficient, to wit: the irregularities apparent on the record. He contends, and we think correctly, that after the dismissal of the case, whether regular or not, it could not be reinstated, if at all, without notice, and that the proceedings, after such dismissal, are ex parte and illegal.
*89 When this suit was dismissed, there was nothing before the Court, and whether the judgment should be considered as one simply of nonsuit or not, the action of the Court could not be reversed, and the case reinstated without notice, in some form to the opposite party, of the proceeding by which it was reinstated on the docket.
The defendant does not complain of the judgment against him. Ho and plaintiff are before us as appellees, and the latter urges the affirmance of the judgment against the warrantor.
It is therefore ordered, that the judgment against R. E. Michel, warrantor, be reversed, and the proceedings as to him dismissed; the costs in the lower Court and the costs in warranty to be paid by defendant, and costs of appeal be paid by appellee.